# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

| | |
|---|---|
| KAREN D. BANKS, | 2:12-cv-01620-RCJ-VCF |
| Plaintiff, | **ORDER AND** |
| vs. | **REPORT & RECOMMENDATION** |
| UNITED STATES SOCIAL SECURITY ADMINISTRATION, | **(Motion/Application to Proceed *In Forma Pauperis* #1)** |
| Defendant. | |
| VINCINT T. AUSTIN, | 2:12-cv-01621-GMN-VCF |
| Plaintiff, | **ORDER** |
| vs. | **(Motion/Application to Proceed *In Forma Pauperis* #1)** |
| UNITED STATES SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

Before the court are the matters of *Banks v. United States Social Security Administration* (Case No. 2:12-cv-01620-RCJ-VCF) and *Austin v. United States Social Security Administration* (Case No. 2:12-cv-01621-GMN-VCF). The court addresses the two actions together, as *pro se* plaintiff Karen D. Banks filed and drafted the complaints (#1-1)[1], which are identical, on behalf of herself and her son plaintiff Vincint T. Austin. Also before the court are the plaintiffs' Motions/Applications to Proceed *In Forma Pauperis* (#1) and Complaints (#1-1).

---

[1] Docket entries refer to documents in both 2:12-cv-01620-RCJ-VCF and 2:12-cv-01621-GMN-VCF, unless otherwise specified

I.     Motion/Application (#1)

   A.     Karen D. Banks  (Case No. 2:12-cv-01620-RCJ-VCF)

Plaintiff Karen D. Banks filed her motion/application to proceed *in forma pauperis* on September 14, 2012. (#1). Plaintiff asserts that she is employed at Clark County Nevada, 500 Grand Central Pkwy, Las Vegas, Nevada, and has a gross income of $3,100 (net $2,900) a month. *Id.* Plaintiff filled out the application to proceed *in forma pauperis* that is used for prisoners, so there is not a section asking for monthly expenses. *Id.* Plaintiff asserts that she does not have money in either a checking or savings account, and that her son Vincint and husband Keith are 100% dependent upon her. *Id.* During the hearing, plaintiff Banks represented, under oath, that her monthly expenses include $1,000 in rent, $900 in bills, and $500 in food, clothing, etc.

Accordingly, plaintiff Banks' request to proceed *in forma pauperis* is granted pursuant to § 1915(a).

   B.     Vincint T. Austin  (Case No. 2:12-cv-01621-GMN-VCF)

In the action naming Vincint T. Austin as the plaintiff, Mrs. Banks filed the identical application to proceed *in forma pauperis* that she filed for herself above, providing her personal financial information and not her son's. (#1). Pursuant to 28 U.S.C. § 1914(a), a filing fee of $350.00 is required to commence a civil action in federal district court. The court may authorize the commencement of an action without prepayment of fees and costs or security therefor, by a person who submits an affidavit that includes a statement showing the person is unable to pay such costs. 28 U.S.C. § 1915(a)(1). As Vincint T. Austin is the plaintiff in this action, the application must be sworn to by him and must contain his financial information demonstrating that he is unable to pay the costs of commencing the action. *Id; See Williams v. Pierce County Board of Commissioners, et al,* 267 F.2d 866 (9th Cir. 1959). Plaintiff Austin's application to proceed *in forma pauperis* (#1) is denied *without prejudice*, with leave to re-file an application containing his personal financial information.

**II.     Screening Plaintiff Banks' Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotations and citation omitted).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

**A.     Jurisdiction**

Pursuant to 28 U.S.C. § 1331, federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v.*

*Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 963 L.Ed.2d. 318 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

### B. Plaintiff's Complaint (#1-1)

Plaintiff Banks prepared the complaint on the civil rights complaint form provided by the court's website and filed identical complaints in both actions. (#1-1). The plaintiff in Case No. 2:12-cv-01621-GMN-VCF is stated as "Karen Banks for Vincint T. Austin." (#1-1). Plaintiff Banks names the United States Social Security Administration as the defendant in both actions, and alleges claims for (1) civil rights violations under 42 U.S.C. § 1983 because of their race, and (2) Social Security Act violations. *Id.* Within the complaints, plaintiff Banks asserts count one against the Social Security Administrative Law Judge that presided over her case, and count two against Jeffrey A. Pisaro, the S.S.A. appeals officer. *Id.*

#### 1. Claims

Plaintiff Banks asserts that her son Vincint was deemed disabled when he was in kindergarten and has been receiving Social Security benefits since then. (#1-1). The Social Security benefits were cut when Vincint turned 18 years old. *Id.* Vincint is 22 years old now and allegedly still disabled. *Id.* Plaintiff Banks asserts that the Administrative Law Judge decided that they (plaintiff Banks and her husband) were "not cooperative with disclosing information from Harmony Health Care regarding Vincint but, this [is] not true." *Id.* Plaintiff Banks explains what allegedly occurred at that level of review, and states that she "would like Social Security to allow [her] more time to have Vincint completely evaluated because Vincint has been disabled from birth and that kind of disability does not go away." *Id.* She alleges that her family was "treated adversely by Social Security due to [their] race which is African American." *Id.*

Plaintiff Banks also asserts that the Administrative Law Judge "assumed [they] were not cooperative because [they] did not sign a release for Vincint's medical records," that the appeals council agreed with the decision "without even reviewing the records," and that her family was "assumed to not be cooperative because of [their] race." *Id.*  Plaintiff states that "[b]y reading and reviewing the Social Security Act, [she] discovered that [their] rights have been violated and the decision to stop his benefits [was] not based on the items written in that Act." *Id.*

Plaintiff seeks to have Vincint's Social Security benefits restored, to be compensated for the violations of the Social Security Act, and to be compensated for the Civil Rights violations because of their race. *Id.*

### a.     Separate Actions/Jurisdiction

In addition to alleging Civil Rights violations, plaintiffs' complaints appear to be appeals from the Social Security Administrative Law Judge's decision. (#1-1).  In a document attached to the complaints, titled "Violation of Civil Rights U.S. Code 42 U.S.C. § 1983," plaintiff Banks asserts that her son Vincint received a Notice of Appeals Council Action from the SSA post marked July 30, 2012, and that since this complaint was filed on September 14, 2012, she was filing the complaint "within the 60 day time frame that is allowed." *Id.*

This court has jurisdiction over Civil Rights claims brought under 42 U.S.C. § 1983 and Social Security Appeals. *See* 28 U.S.C. § 1331; 42 U.S.C. §§ 401-433, 1381-82c.  However, if a plaintiff intends to appeal the Social Security Commissioner's decision, he/she must name the current Commissioner Michael J. Astrue as the defendant.  Pursuant to 20 C.F.R. 422.210(d), where a civil action is instituted seeking judicial review of a decision by the Commissioner, "the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant," and according to http://www.ssa.gov/pressoffice/factsheets/astrue.htm, the current commissioner is Michael J. Astrue.

If either plaintiff seeks redress for Civil Rights violations against the individuals, a separate complaint should be filed, as Social Security Appeals are handled by the court in a different manner and do not involve discovery and motions that are permitted in normal civil actions, such as motions to dismiss and/or for summary judgment as in normal civil matters.

### b. *Pro Se* Status

In the complaints, plaintiff Banks asserts civil rights violations under 42 U.S.C § 1983 for unfair treatment of her family because of their race and is appealing the Social Security's denial of benefits for her son. Nothing in the record indicates that plaintiffs have retained an attorney, and plaintiffs are proceeding *pro se*. Plaintiff Banks purports to represent her son in Case No. 12-cv-1621, as she states that the plaintiff is "Karen Banks for Vincint T. Austin." (#1-1).

The Ninth Circuit has held that "constitutional claims are personal and cannot be asserted vicariously." *Johns v. County of San Diego,* 114 F.3d 874, 876 (9th Cir. 1997)(citing *United States v. Mitchell,* 915 F.2d 521, 526 n.8 (9th Cir. 1990). Although a plaintiff may appear *pro se* on his or her own behalf, an individual "has no authority to appear as an attorney for others than himself." *Id.* (quoting *C.E. Pope Equity Trust v. United States,* 818 F.2d 696, 697 (9th Cir. 1987). With regard to parents representing the interests of their children, the Ninth Circuit agrees with the Third Circuit and others that have addressed the issue, and finds that "it is not in the best interest of minors or incompetents that they be represented by non-attorneys. *Id.* (quoting *Osei-Afriyie v. Medical College,* 937 F.2d 876, 882–83 (3d Cir. 1991).

The issue of whether a "parent can bring a *pro se* lawsuit on behalf of a minor falls squarely within the ambit of the principles that militate against allowing non-lawyers to represent others in court." *Id.* at 877 (internal quotations and citations omitted). Specifically relevant to this action, courts have held that a parent's claims "alleging child abuse or seeking damages suffered by the children must"

be dismissed if the parent is purporting to represent the child in a *pro se* capacity. *Delaney v. Souther-Wyatt,* 2001 WL 34041896 *1 (D. Or. Jul 11, 2001).

C.  Discussion

In *Banks v. United States Social Security Administration* (Case No. 2:12-cv-01620-RCJ-VCF), which was filed by Karen Banks, the court recommends dismissing the complaint (#1-1), without prejudice, for plaintiff to amend her complaint to allege claims of civil rights violations *she* allegedly suffered and to omit claims relating to the Social Security Appeal. *See Johns*, 114 F.3d at 876.

In *Austin v. United States Social Security Administration* (Case No. 2:12-cv-01621-GMN-VCF), filed by Karen Banks on behalf of Vincint T. Austin, it is clear that based on Ninth Circuit precedent, plaintiff Banks cannot appear *pro se* on behalf of her son plaintiff Austin, and that plaintiff Austin must retain counsel.  *See Johns*, 114 F.3d at 877.  As the court is denying plaintiff Austin's motion/application to proceed *in forma pauperis*, the court does not screen his complaint (#1-1), but has outlined its concerns above as plaintiff is proceeding *pro se*. 28 U.S.C. § 1915(e); *See Haines*, 404 U.S. at 520.  The court advises plaintiff Austin to (1) either retain counsel[2] or proceed *pro se* on his own behalf, (2) file a motion to proceed in forma pauperis, signed by him, containing his personal financial information, and (3) re-file his complaint omitting claims of civil rights violations. *Id*.  If plaintiff Austin re-files his complaint (#1-1), he is advised to file the Social Security appeal under this case number, as the initial filing was timely, and that he must amend the caption of this action to read *Vincint T. Austin v. Michael J. Astrue, Commissioner of Social Security*.  20 C.F.R. 422.210(d).  If the attorney, on behalf of plaintiff Vincint Austin, or if plaintiff Austin appearing *pro se*, desires to file a civil rights complaint, it should be filed as a separate action.

Accordingly and for good cause shown,

---

[2] There are several organizations in Nevada to aid in finding an attorney and/or representing yourself in legal matters: (1) Legal Aid Center http://www.lacsn.org/ or call (702) 386-1070; (2) State Bar of Nevada's "Lawyer Referral & Information Service" at  http://www.nvbar.org/ or (702) 382-0504; and (3) Federal Court "Ask A Lawyer Program," which will hold future sessions on a quarterly basis (for upcoming dates visit www.lacsn.org/federal or call (702) 386-1070).

IT IS ORDERED that in Case No. 2:12-cv-01620-RCJ-VCF, plaintiff Karen D. Banks' Motion/Application To Proceed *In Forma Pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that in Case No. 2:12-cv-01621-GMN-VCF, plaintiff Vincint T. Austin's Motion/Application To Proceed *In Forma Pauperis* (#1) is DENIED *without prejudice* with leave to file an Amended Motion/Application and attached Complaint on his own behalf within sixty (60) days from the date of this order.

## RECOMMENDATION

IT IS HEREBY RECOMMENDED that in Case No. 2:12-cv-01620-RCJ-VCF, the Clerk of Court be ordered to file plaintiff Karen D. Banks' complaint (#1-1).

IT IS FURTHER RECOMMENDED that in Case No. 2:12-cv-01620-RCJ-VCF, plaintiff Karen D. Banks' complaint (#1-1) be dismissed *without prejudice.*

IT IS FURTHER RECOMMENDED that plaintiff Banks, if she chooses to do so, be permitted to file an amended complaint within sixty (60) days from the date the clerk mails the plaintiff the court's order dismissing the complaint, or the case may be dismissed *with prejudice.* Plaintiff is advised that under Local Rule LR 15-1 any amended complaint filed must be complete in itself without reference to prior filings. Thus, any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint no longer will be before the court.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual

issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 25th day of October, 2012.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE